# IN RE HAYES.

PATENTS; LACK OF INVENTION; EXERCISE OF MECHANICAL SKILL.

The inclosing of an electro magnet for submarine work in a waterproof, nonmagnetic covering is merely an exercise of mechanical skill, and does not amount to invention.

No. 338. Patent Appeals. Submitted March 4, 1906. Decided April 11, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents refusing to allow an application for a patent.
                                            *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. H. C. Evert & Co.* and *Mr. J. B. Connolly* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice McComas delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents, who affirmed the finding of the primary examiner and of the board of Examiners-in-Chief. All three tribunals rejected the following claim: "In a waterproof electro magnet, covers of nonmagnetic metal inclosing the coils or windings of such magnet, substantially as and for the purpose described."

The Commissioner decided that the claim brought here on appeal, as well as the claim proposed on the appeal as a substitute therefor, is not patentable. The substitute read thus: "In an electro magnet, a metallic, waterproof, nonmagnetic covering, inclosing the windings of the magnet and the terminal connections thereof."

The subject of the supposed invention is an electro magnet intended to be used in submarine work, as, for instance, in locating and recovering sunken vessels, anchors, cables, and the like. It is sought to render the magnet perfectly waterproof so as to prevent the corrosive action of salt water, and to prevent short circuiting of the coils through the medium of water when the magnet is submerged.

It appears that all the appellant, Joel A. Hayes, has done is to place a nonmagnetic waterproof covering, made of metal, upon the coils of an electro magnet. The claim is for the idea of covering an electro magnet and the windings of the magnet and its terminal connections by inclosing the same within a waterproof and nonmagnetic covering.

All the tribunals of the Patent Office find that the claim is for an obvious mechanical expedient which would naturally occur to one skilled in the art.

The primary examiner cited a single reference as in anticipation of the appellant's claim. This reference was the patent to S. T. Wellman, dated December 10, 1895, No. 551,020.

The Commissioner of Patents says that the provision of a waterproof casing upon an electro magnet which is to be used under water does not involve invention, and that the use of a nonmagnetic material for the casing, by one who does not claim

to be the discoverer that magnetic material used for such purpose would interfere with the proper operation of the device, cannot be regarded as patentable.

The appellant is not claiming the form or construction of his covering.  To put a waterproof covering over an old device to be used under water seems only to use an ordinary mechanical device.  Anyone having ordinary skill in the use of electricity should know that such covering should be made of nonmagnetic material to avoid interfering with the electrical action of the magnet.  This is the use of mechanical skill only.

We concur with all the tribunals of the Patent Office that the appellant has only stated the most natural and obvious thing to be done and the results to be accomplished; such things as would naturally occur to those skilled in the art.  It would be unjust, by granting a patent in a case such as this, to prevent others from exercising ordinary skill if they desired to submerge an electro magnet in water.  Such a patent would hinder the ordinary workman in the art from the exercise of his ordinary skill.

The original claim and the claim as restated is not an invention.  All the tribunals of the Patent Office agree that the claim is met, in substance, by the reference just mentioned; but we need not discuss that matter.  The decision of the Commissioner of Patents is affirmed.

The clerk of the court will certify this opinion and the proceedings of the court in this cause to the Commissioner of Patents according to law.                              *Affirmed.*